IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**WILBUR MARVIN HIGGINBOTHAM,**

    **Petitioner,**

v.                     //        **CIVIL ACTION NO. 1:11CV144**
                                  **CRIMINAL ACTION NO. 1:09CR117**
                                  **(Judge Keeley)**

**UNTIED STATES OF AMERICA,**

    **Respondent.**

### ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the magistrate judge's Report and Recommendation concerning the 28 U.S.C. § 2255 petition filed by William Marvin Higginbotham ("Higginbotham"). For the reasons set forth below, the Court **ADOPTS** the magistrate judge's Report and Recommendation in its entirety.

**I.**

On September 14, 2011, the pro se petitioner, Higginbotham, an inmate, filed a petition pursuant to 28 U.S.C. § 2255 (dkt. no. 1),[1] alleging that the Bureau of Prisons ("BOP") erroneously refused to reduce his sentence after he completed the Residential Drug Abuse Program ("RDAP") based on its conclusion that, due to a weapons enhancement imposed at sentencing, he was a violent offender. The Court referred this matter to United States

---

[1] All references to the docket refer to Higginbotham's civil case, 1:11CV144.

**HIGGINBOTHAM V. UNITED STATES**                                1:11CV114
                                                                 1:09CR117

## ORDER ADOPTING REPORT AND RECOMMENDATION

Magistrate Judge David Joel for initial screening and a report and recommendation in accordance with LR PL P 2.

On December 12, 2011, the United States responded to Higginbotham's petition. (Dkt. No. 7). Higginbotham replied on December 22, 2011. (Dkt. No. 8). Magistrate Judge Joel issued an Opinion and Report and Recommendation ("R&R") on January 4, 2012, in which he recommended that the § 2255 petition be denied and dismissed without prejudice (Dkt. No. 9). Magistrate Judge Joel concluded that, as a challenge to the execution of his sentence, Higginbotham's petition should have been filed pursuant to 18 U.S.C. § 2241, and brought in the Southern District of West Virginia, where he was then confined.[2] Magistrate Judge Joel further concluded that, to the extent Higginbotham challenged the imposition of a four-level sentence enhancement pursuant to United States Sentencing Guideline ("USSG") § 2K2.1(b)(6), he had waived that challenge by failing to object to the enhancement at sentencing or by raising it on direct appeal.

Higginbotham filed objections to Magistrate Judge Joel's R&R on January 19, 2012. Essentially, Higginbotham argues that the

---

[2] The BOP Inmate Locator indicates that Higginbotham was released from incarceration on February 20, 2013. The Court also sentenced Higginbotham to three years of supervision to follow his incarceration. Thus, while on supervised release, Higginbotham is still "in custody" for purposes of habeas relief. See Jones v. Cunningham, 371 U.S. 236, 243 (1963).

2

magistrate judge misunderstood his argument, and that the judgment issued by this Court is internally inconsistent and must be revised so that he can enjoy the benefit, i.e. a sentence reduction, of his successful completion of RDAP. After conducting a de novo review, the Court concludes that Higginbotham's objections are without merit.

## II.

On February 9, 2010, Higginbotham pleaded guilty to one count each of distribution of heroin in violation of 18 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(1)(2). On May 18, 2010, the Court sentenced Higginbotham to thirty-seven (37) months of imprisonment, to be followed by three years of supervised release. The Court also recommended to the BOP that Higginbotham be incarcerated at a facility in which he could participate in RDAP. (Dkt. No. 29). While incarcerated, Higginbotham completed RDAP. Nevertheless, the BOP declined to exercise its discretion and did not reduce his sentence. See 18 U.S.C. § 3621(e).

As the magistrate judge explained, Higginbotham's petition fails to state a claim for several reasons. First, because the petition clearly attacks the execution of a sentence, i.e. the BOP's decision not to reduce his sentence upon completion of RDAP,

it should have been brought under 28 U.S.C. § 2241, and not § 2255. United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989). Second, Congress entrusted the decision to reduce a prisoner's sentence for RDAP completion solely to the discretion of the BOP. See 28 U.S.C. 3621(b), (e); and Ayala v. Phillips, No. 5:07CV45, 2008 WL 450478, at *7 (N.D.W. Va. Feb. 19, 2008). Indeed, "Congress has specifically excluded these subsections from judicial review under the Administrative Procedures Act ("APA")." Ayala, 2008 WL 450478 at *7. "Accordingly, any substantive decision by the BOP . . . regarding [petitioner's] eligibility to receive a one-year sentence reduction[] is not reviewable by this Court." Id.

Finally, to the extent that Higginbotham challenges the Court's imposition of sentencing enhancements for possession of a firearm in connection with his drug trafficking offense, such an argument is mooted by Higginbotham's count of conviction, 18 U.S.C. § 922(g)(1). The BOP considers a conviction under that statute to be a crime of violence, thus disqualifying Higginbotham from any reduction of sentence due to completion of RDAP. See Lopez v. Davis, 531 U.S. 230, 244 (2001) ("Bureau [of Prisons] may categorically exclude prisoners based on their preconviction conduct"); Program Statement P5162.05, Categorization of Offenses ( M a r c h   1 6 ,   2 0 0 9 )   a v a i l a b l e   a t

**HIGGINBOTHAM V. UNITED STATES**  1:11CV114
 1:09CR117

### ORDER ADOPTING REPORT AND RECOMMENDATION

http://www.bop.gov/policy/progstat/5162_005.pdf. The Fourth Circuit has held that the Program Statement is an internal agency guideline entitled to respect under <u>Skidmore v. Swift & Co.</u>, 323 U.S. 134, 140 (1944). <u>Cunningham v. Scibana</u>, 259 F.3d 303, 306 (4th Cir. 2001). Because Higginbotham's count of conviction forecloses the possibility of a RDAP sentence reduction, his argument as to firearms-related sentencing enhancements is without merit.

Higginbotham's sole objection – that the magistrate judge misunderstood his argument, and that this Court's judgment is internally inconsistent and must be revised – does not change the preceding analysis. Despite Higginbotham's best efforts, the Court's recommendation in the judgment that he be confined at a facility where he could participate in RDAP is just that: a recommendation. Moreover, the recommendation was made in the hopes that Higginbotham would benefit from drug addiction counseling. That the BOP may, in its discretion, reward those inmates who complete RDAP by reducing their sentences is beside the point.

**IV.**

For the reasons discussed, the Court:

1. **ADOPTS** the Report and Recommendation in its entirety (1:11CV114, dkt. no. 9) (1:09CR117, dkt. no. 42);

2. **DENIES** Higginbotham's § 2255 petition (1:11CV114, dkt.

   no. 1) (1:09CR117, dkt. no. 33);

3. **DENIES AS MOOT** Higginbotham's Motion for Disposition (1:11CV114, dkt. no. 12) (1:09CR117, dkt. no. 46); and

4. **ORDERS** that this case be **DISMISSED WITHOUT PREJUDICE** and **STRICKEN** from the docket of this Court.

If the petitioner should desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within thirty (30) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure.

It is so **ORDERED**.

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se petitioner, certified mail, return receipt requested.

Dated: May 17, 2013.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE